## ANDREWS *vs.* WITHERS'S HEIRS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The *Code of Practice* fixes the period when interest commences by the death of the debtor, but indicates no period when it ceases; the interest must, therefore, be considered as a legal accessary, accompanying and supported by the principal until payment.

W. C. Withers, being the creditor of plaintiff, made the following assumpsit:

" Assumed the payment of sixteen hundred and sixty-eight dollars and ten and a half cents, which will be paid as soon as the account is examined, which Mr. J. Andrews endorsed to .T. Cavilier, and the mortgage raised, which is in favor of J. Andrews, against me, for four thousand dollars

" Signed,"                                        " W. C. Withers."

This paper is without date, but the account, which is proved by Cavilier to be the one referred to by this memorandum, which is rendered and signed by Andrews, is dated 2d February, 1829: Withers died 14th September, 1829.

To a demand for this debt or sum, which had never been paid, the defendants, heirs of Withers, pleaded the general issue.

*Miramon,* proves that in June, 1829, he was charged by plaintiff to deliver to Withers a certificate or act, raising a mortgage in plaintiff's favor, to the late Mr. Withers.

EASTERN DIS.
*April*, 1834.

ANDREWS
*vs.*
WITHERS'S
HEIRS.

Withers then promised to pay the obligation given by him in favor of Cavilier. The acting executor of Withers, promised to pay this debt, but confounding it with a promissory note, given by Withers to Andrews, which he did pay, omitted it in his schedule.

Judgment was rendered in the inferior court, for the plaintiff, with legal interest from the 14th of September, 1829, until payment. The defendants appealed.

*Conrad*, for defendants and appellants.

*Janin, contra.*

The judgment of the District Court ought to be affirmed with costs, the debt being duly proved, and interest being due thereon from the time of William C. Withers' death. See *Code of Practice*, art. 989. Payment had been demanded of, and promised, by the testamentary executors, and it is only owing to an oversight of the executors, that it was not made before they rendered their account.

MATHEWS, J., delivered the opinion of the court.

This action is founded on a contract, entered into between the plaintiff and the ancestor of the defendants. He obtained judgment for the principal sum claimed, and also for interest, &c., from which the defendants appealed.

The principal debt is not contested before this court, but the counsel for the appellants, complains of the allowance of interest, which was adjudged to have commenced from the death of the obligor. The interest was allowed in pursuance of the 989th article of the *Code of Practice*, which is expressed in the following terms; " As the creditors of estates administered by curators or testamentary executors, &c., can only obtain payment after certain delays, interest shall be allowed on their debts, if the estate be sufficient, from the death of the debtor, if they were due at the time, or from the date

46

EASTERN DIS.
April, 1834.

ANDREWS
vs.
WITHERS'S
HEIRS.

when they became due, if it were after that event, although no judicial demand may have been made."

The succession of Withers was administered by a testamentary executor, from whom payment of the debt claimed in the present suit, was demanded, but it was not paid. After the executor had settled his accounts, and been discharged from further administration of the succession, payment was amicably demanded from some of the heirs, and the demand not having been complied with, the present suit was commenced.

*The Code of Practice fixes the period when interest should commence to run by the death of the debtor, but indicates no period when it ought to cease: consequently, it must be considered as a legal accessary, accompanying and supported by the principal until payment.*

The *Code of Practice* fixes the period when interest should commence to run, by the death of the debtor, but indicates no period when it ought to cease; consequently, it must be considered as a legal accessary, accompanied and supported by the principal until payment. Contrary to this plain proposition, it is argued in favor of the appellants, that delay, which impedes the recovery of debts from a succession administered by a curator or testamentary executor, is limited to three months, and in proof of this we are referred to the article 1167 of the *Louisiana Code.* This article prohibits a curator of a vacant succession from the payment of its debts, (except some which may be privileged by law,) until three months after the succession may have been opened, and then only in the manner prescribed in subsequent articles.

The argument is, that as interest is granted in consequence of impediments imposed by law to the recovery of the debts, and that as such impediments cease after the expiration of three months, interest ought, also, to cease, and be recovered only after judicial demand. It is the *argumentum cessante ratione cessat ipsa lex.* It is certainly entitled to consideration, but in our opinion, ought not to prevail in the present instance. Three months is the time limited, within which a curator of a vacant estate is not permitted to pay its creditors, (and we shall consider the office of testamentary executor in the same light,) but much greater delays may occur by operation of law, in the classification of the debts, collecting those due to the succession, in acquiring the funds necessary to make payments, and various other ways, all which, we

presume, it was the intention of the legislature to cover by the article of the *Code of Practice.* It is general in its terms, giving only the commencement when interest shall begin to run, without limitation to its course; it must, therefore, as in all other cases, where debts carry legal interest, continue until payment.

EASTERN DIS.
*April,* 1834.

STATE OF
LOUISIANA
*vs.*
THE
PARISH JUDGE
OF ORLEANS.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.